```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

LORI JAN GOLDSTEIN,
            Plaintiff,

            v.                          C.A. No. 12-11974-DPW

FAULKNER HOSPITAL, et al.,
            Defendants.

## MEMORANDUM AND ORDER

Woodlock, J.

For the reasons stated below, the Court (1) grants plaintiff's motion (Docket No. 7) for relief; (2) denies defendants' motion (Docket No. 9) to dismiss under Rule 12(b)(5); (3) denies without prejudice plaintiff's motion (Docket No. 6) for appointment of counsel; and (4) instructs the Clerk to send the moving defendants' counsel copies of the Waiver of Service of Summons form and the complaint.  If the moving defendants fail to file the executed waiver of service form within 30 days after receipt, the United States Marshals Service then will be instructed to serve the defendants with process.

I.  Background

On October 22, 2012, plaintiff Lori Jan Goldstein filed her self-prepared employment discrimination complaint against her former employer, Faulkner Hospital, and her former supervisor, Mary Ray Mazaka.  See Docket No. 1.  With her complaint, plaintiff filed a motion to proceed in forma pauperis ("IFP").  See Docket No. 2.

By Order dated October 24, 2012, plaintiff's IFP was granted

and the United States Marshal was directed to make service on the defendant as directed by plaintiff with all costs of service to be advanced by the United States.  See Docket No. 5.  The Order stated that service must be completed within 120 days of the date of the Order.  Id.

The following day, October 25, 2012, the Clerk mailed summonses to plaintiff along with several documents including a copy of Local Rule 4.1[1] and a notice for service by the United States Marshals Service.  See Docket.  Plaintiff was required to serve each defendant with the summons and complaint by February 21, 2013.

Approximately one month after service was to be completed, plaintiff filed a motion for appointment of counsel.  See Docket No. 6.  In her motion, plaintiff explained that, among other things, she needs "guidance by a professional legal expert .[sic] through the federal legal process."  Id.

While plaintiff's motion for appointment of counsel was pending, the defendants filed, on May 2, 2013, a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process.  See Docket No. 9.  Defendants' supporting memorandum states, among other things, plaintiff told counsel that she was represented by an attorney.  See Docket No. 10, n. 2 ("plaintiff

---

[1] Local Rule 4.1(a) states that any summons not returned with proof that it was served within one hundred twenty days "is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m)."

informed counsel for Defendants that she was represented by counsel").[2]

After receiving notice of defendants' motion to dismiss, plaintiff filed a pleading entitled "Motion for Relief" including a copy of a letter she received from the United States Marshals Service. See Docket No. 7. In this one-page motion, plaintiff states that she "did [her] due diligance (sic)" when she filled out the service paperwork at the courthouse. She explains that the forms were returned to her by the United States Marshals Service with instructions. She states that the letter she received from the court "never stated when the 120 days would run out." She asks that the court allow the case to move forward because she presented the paperwork to the United States Marshals in a timely fashion and that it was returned to her without notice of the applicable time frame.

Defendants oppose plaintiff's motion for relief arguing that the motion lacks specificity sufficient to establish good cause for her failure to make timely service. See Docket No. 11. Specifically, defendants state that plaintiff (1) does not describe why her paperwork was incomplete; (2) does not state when she finally provided the Marshals with the completed paperwork because approximately one month remained for timely

---

[2]The Certificate of Service for Defendants' Motion to Dismiss certifies that a copy was served on counsel for plaintiff; in Florida. See Docket No. 9.

service; and (3) does not describe any efforts to alert the Marshall to her deadline.  Id.  In a footnote, defendants state that plaintiff is represented by a lawyer despite the fact that she continues to file papers pro se.  Id., n. 1.

On May 10, 2013, the Clerk's Office docketed an executed return of service showing that defendant Mazaka was personally served on April 5, 2013.  See Docket No. 12.

II.  Discussion

Section 1915(d) provides that "[t]he officers of the court shall issue and serve all process and perform all duties" for plaintiffs granted IFP status.  Additionally, Fed. R. Civ. P. 4(c)(3) provides that the district court "must" order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915.

Under Rule 4(m) of the Federal Rules of Civil Procedure, when a plaintiff shows "good cause" for failing to effect service within 120 days, "the court must extend the time for service for an appropriate period."  Rule 4(m), Federal Rules of Civil Procedure.  "[A] plaintiff proceeding [in forma pauperis] shows good cause [for failing to effect timely service of process] when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)."  Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008).

Service of the summonses and complaint was to be made by

4

February 21, 2013, and plaintiff submitted her paperwork to the Marshals on or before January 22, 2013.  Although it is unclear exactly what documents, if any, may have been missing from the paperwork plaintiff initially submitted to the Marshals Service, it is clear that plaintiff contacted the Marshals Service in a timely fashion.  There is nothing in the record suggesting that plaintiff was aware that the Marshals would not make timely service of the summons and complaint.

Although plaintiff appears to have provided the defendants' counsel with the name of her attorney, there is no record of counsel filing a notice of appearance.  See Docket.  Plaintiff is still proceeding pro se in this action.  In her motion for counsel, plaintiff informed the court of her need for guidance concerning the "federal legal process."  See Docket No. 6.

The Court recognizes that plaintiff is attempting to establish good cause for her failure to effectuate proper service within the time period required under Rule 4.  The fact that plaintiff is proceeding pro se "is not automatically enough to constitute good cause for purposes of Rule 4(m)."  McIsaac v. Ford, 1983 F. Supp. 2d 382, 383 (D. Mass. 2002).  Nevertheless, there is nothing to suggest that her failure to comply with the rules was intentional.  She delivered her original paperwork to the Marshals Service in a timely fashion.  She also sought counsel and assistance from the court concerning legal process.

5

It appears that defendant Mazaka was served forty-three (43) days after the time for service expired.  The approximate six week delay does not warrant the harshest sanction of dismissal. It is clear to this Court that plaintiff attempted to comply with Rule 4 and she intends to pursue this action.  Finally, there is nothing to suggest that defendants would be prejudiced by an extension of time to complete service.  For these reasons, the Court finds that she has shown good cause under Rule 4(m) to extend the time for service.

### ORDER

For the foregoing reasons, the plaintiff's motion for relief (Docket No. 7) is granted.  The defendants' motion to dismiss under Rule 12(b)(5) (Docket No. 9) is denied.  The plaintiff's motion for counsel (Docket No. 6) is denied without prejudice to renewal after defendants have responded to the complaint.

The Court instructs the Clerk to send the moving defendants' counsel copies of the Waiver of Service of Summons form and the complaint.[3]  If the moving defendants waive service, they shall promptly file the executed waiver form with the Court.  If the moving defendants fail to file the executed waiver of service

---

[3]Federal Rule of Civil Procedure 4(d) imposes a duty to avoid unnecessary expenses of serving the summons on a party to be served.  Rule 4(d) further provides procedures for waiver of service, and provides an incentive to encourage Defendants to voluntarily accept service by mail.

form within 30 days after receipt, the United States Marshals Service then will be instructed to serve the defendants with process.

**So ordered.**


May 14, 2013                           /s/ Douglas P. Woodlock
DATE                                   DOUGLAS P. WOODLOCK
                                       UNITED STATES DISTRICT JUDGE